Harris, J.,
delivered the opinion of the Court.
By a decree of the Chancery Court at Winchester, the defendant recovered from the complainant, and Peter S. Dechard, his security on an injunction bond, *223 the sum of four thousand eight hundred and ninety-seven dollars and ninety-five cents; to reverse which, Bates and Dechard have prosecuted a writ of error to this Court.
Erom the transcript it appears that at the February Term, 1856, of the Chancery Court, the defendant, Russell, filed his affidavit, in which it' is stated, that on the 22d day of November, 1852, Thomas C. Bates filed in said Court, his original and injunction bill against him; that he answered the bill, and the cause being in a situation to take proof, proof was taken by himself, but none was taken by complainant, Bates. That all the papers in said cause, excépt the order of Peter S. Dechard to become security for complainant, were “ lost, destroyed or mislaid.” Diligent search had been made for them in the offices of the counsel concerned in the cause, and of the Clerk and Master, and they could not be found. The affidavit then sets out what the defendant recollected to be the substance of the bill and answer, and also the proof; and this the Chancellor permitted to be substituted in lieu of the lost papers; and proceeded upon the proof thus furnished, to pronounce a interlocutory decree, ordering an account. The account was taken, based upon the proof, as stated in the affidavit, and other proof ■ adduced before the Clerk and Master, and upon the account thus taken, this decree is predicated: not only against the complainant, Bates, but also against Dechard, as his security in the injunction bond, when it nowhere appears in the record, not even in the affidavit of the defendant, that any such bond was ever executed. All that does appear is, that Dechard had given “an order *224 to become security for complainant.” Tbe act of 1848, cb. 116, section 1, provides that when the papers in any cause, are “lost, destroyed or mislaid, such loss may be supplied, by making up others in their stead. The Court or tribunal before whom such cause is pending, may require the affidavit of the parties, their agent or attorney, or the clerk of the Court, or other person, setting forth facts in reference to the loss of the papers, the search for them, and the contents of the same. And upon the Court being satisfied that a substantial copy of the proceedings is .presented, the same may be substituted for the papers which have been lost, destroyed or mislaid; and tne cause shall stand for trial on the substituted, as it would have stood upon the original papers.” “The Court may, in their discretion, award depositions to be re-taken when the witnesses are alive. We do not think that there has been such a compliance with the provisions of the statute in the case before us, as will authorize the Court to sustain this decree. In the first place, there is no pretence that a “ substantial copy of the proceedings ” is pre-. sented. And certainly, without this, there can be as little pretence that the terms of the statute have been complied with, either in letter or spirit.
But even if this had been done, setting out the whole proceeding, including the proof in proper form, supported alone by the affidavit of the party in interest, would it have been sufficiently authenticated to have' authorized the Court to substitute it for the original papers, and predicate a decree thereon ? We think not. Were such a practice tolerated the temptation would be great, to unscrupulous parties, to purloin the records, *225 and by their own affidavits, make evidence for' themselves. The attorneys engaged in the canse can usually, if not in all cases, make out a substantial copy of the pleadings. The Clerk is the most suitable person, perhaps, to furnish substantial copies of bonds taken by himself; and in- all cases, when the witnesses are living, sound policy would suggest the propriety of having their testimony re-taken; and when dead, disinterested witnesses should be- called to prove ■ what they had., sworn, and where this cannot be done, the parties respectively, might be examined on oath, as to what their testimony was.
The decree must be reversed, and the cause remanded to the Chancery Court, with.leave to supply the place of the lost record.